This is a suit to reform an instrument transferring certain property to plaintiffs by defendant. For a cause of action plaintiffs alleged as follows:
"1. That Tavner J. Taylor, a resident of Bossier Parish, Louisiana, on the 18th day of June, 1941, conveyed to Peyton C. Taylor, Mrs. Anna Taylor Gibson and Mrs. Myra Taylor Wyche, petitioners herein, the following described property, to-wit:
"All his undivided interest in and to 64 acres of land, more or less, described as follows: The North 32 acres of the NW1/4 of the NW1/4 and the NE1/4 of the NW1/4, less five acres in the extreme northeast corner, being 110 yards north and south, and 220 yards east and west, all in Section 17, Township 22 North, Range 13 West, Bossier Parish, Louisiana; also a tract in the Town of Benton, Louisiana, more fully described as follows: commence at a point on the east side of the St. Louis Southwestern Railway right of way at the south line of Sixth Street, where the said Sixth Street intersects the east line of Commerce Street; run thence in a southerly direction parallel to said Railroad, 150 feet to the point of beginning; run thence south along the east line of Commerce Street a distance of 195 feet; thence in an easterly direction at a right angle to the said Railroad a distance of 370 feet to Sibley Street; thence north along the east line of Sibley Street a distance of 200 feet, more or less, to a line at right angles to the said Railroad from the starting point herein designated; thence west at a right angle to the said Railroad to the point of beginning, together with all improvements thereon,
"by that certain deed recorded in Conveyance Book 157, page 276 of the Records of Bossier Parish, Louisiana, said deed being made a part hereof by reference.
"2. That the aforesaid deed was executed by the said Tavner J. Taylor for a consideration consisting of an agreement on the part of your petitioners to withdraw and to dismiss that certain suit styled Peyton C. Taylor et al. Tavner J. Taylor, No. 13,621 on the Docket of this Court; that the deed was executed for the further consideration of the agreement on the part of the petitioners herein to accept, in addition to withdrawing the above styled suit as aforesaid, the remaining interest in the property described in Paragraph 1 hereof, as a full and complete settlement and discharge of all liabilities on the part of said Tavner J. Taylor for his tortious conduct in cutting, selling and carrying away, or causing to be cut and carried away, the merchantable timber located on the tracts hereinabove described and belonging to your petitioners; that a further consideration for the execution of the aforesaid deed was the agreement on the part of the petitioners herein to acquit and discharge the said Tavner J. Taylor from any and all *Page 564 
expenses and liabilities that might be due them by virtue of his unauthorized management of properties left to the petitioners herein in the Succession of Emmett Taylor, deceased, and Mary E. Taylor, deceased.
"3. That in executing the deed aforesaid, the said Tavner J. Taylor failed to set out the true consideration and that the said deed shows the aforesaid transfer to have been made as a personal donation; that your petitioners have made repeated demand on the said Tavner J. Taylor to correct and amend the aforesaid deed in order that it might show the true consideration for the transfer therein set out."
Plaintiffs prayed for judgment ordering defendant to correct said instrument by setting out the true consideration. Defendant filed the following answer:
"1. Denies Par. 1. Further answering said paragraph, defendant shows that the instrument referred to therein was never executed in that same was not witnessed or signed before a Notary Public, and was left with Mr. Stinson who would not accept it, and the document has never been legally executed or properly signed by your defendant as above set forth, and is, therefore, null, void and of no effect.
"2. Denies Par. 2 and further answering, shows that there was never any compromise of said lawsuit consummated and said plaintiffs have never dismissed suit entitled Peyton C. Taylor et al v. Tavner J. Taylor, No. 13,621 on the Docket of this Court, and that said suit is still on said docket awaiting further proceedings; and that there was no further agreement to deed the remaining interest in the property described in Par. 1 of plaintiffs' petition nor any of the other considerations set forth in Par. 2.
"3. Denies Par. 3. Further answering, defendant shows that the deed was recorded in Conveyance Book 157, page 276 and is null, void and of no effect, and should be cancelled from the records of Bossier Parish, Louisiana.
 "Continuance of Paragraph No. 3
"As the deed was written June 18, 1941. But was never notarized. Or signed by witnesses until Nov. 6, 1943. The plaintiffs attorneys holding said deed for a period of Two years, four months and 18 days.
 "Paragraph 4 Showing Interests Acquired
"The defendant acquired this property in the following manner: His mother willing him her entire interest, in the Estate. He acquired all the interest in the Estate owned by R.W. Taylor.
"Again: He inhereted a share in the Estate, equal to the shares, inhereted by each of the plaintiffs. He having never sold any part of it. Having never received any remuneration, he begs to be excused from any order of the Court. Fourcing him to deed his property to these plaintiffs, without any consideration, of any kind. * * *
"Further answering, your defendant shows that there has never been any compromise settlement entered into and none was ever consummated.
"Wherefore, defendant prays that this answer be deemed good and sufficient, and that plaintiffs' demands be rejected at their cost, and that there be a further judgment herein, declaring the deed referred to in Paragraph 1 of plaintiff's petition and recorded in Book 157, page 276 of the records of Bossier Parish, Louisiana, to be null, void and of no effect and have same erased from the records of Bossier Parish, Louisiana. Further prays for all orders necessary, for general and equitable relief."
The lower court rendered a written opinion and signed a judgment in accordance therewith. The opinion is as follows:
"Plaintiffs allege that on June 18, 1941, the defendant executed a conveyance to them of certain property, described in the petition, which deed they allege is recorded in the conveyance records of Bossier Parish, Book 157, Page 276.
"They allege that the true consideration for the execution of the deed was the dismissal of suit No. 13,621, between the same parties plaintiff and defendant, as in this suit, and a full and final acquittance of all claims of every kind that plaintiff had against defendant, but that defendant prepared the conveyance himself, and instead of reciting the true consideration, it was set out to be a personal donation. They pray that the instrument be reformed and corrected so as to show the true consideration.
"Defendant answered denying the substantial allegations of the petition, and setting up that the instrument alleged on was never executed because not witnessed or signed before a Notary Public, but was signed by defendant and left with Mr. Stinson, who would not accept it, and that it is null and void. Denies that the suit *Page 565 
No. 13,621 was ever compromised, and alleges that plaintiffs have not dismissed the suit, and it is still pending awaiting further proceedings. He alleges that the deed is null and void and should be cancelled from the records.
"On trial of the case, defendant objected to any evidence because it seeks to correct the deed and plaintiffs' petition does not set forth that the suit has been dismissed or that any agreement of compromise was ever executed, and no oral testimony can be offered to prove compromise. The objection was overruled and defendant excepted and asked that the objection, ruling and reservation be made general, which was done.
"It is too well settled to admit of argument that a compromise agreement must be in writing, but in the case at bar, plaintiffs contend that the instrument they seek to correct is the compromise, but that when defendant wrote it, he stated the consideration to be a donation.
"All the witnesses, plaintiffs and defendant, testified that the real consideration for the execution of the instrument was the dismissal of the first suit and release of all claims of plaintiffs against defendant, and while the evidence was all objected to, it is my opinion that it is admissible and if so, the plaintiffs ought to have judgment.
"For these reasons, there will be judgment in favor of plaintiffs reforming the instrument so as to make the consideration the dismissal of suit No. 13,621, and ordering the suit dismissed with prejudice, and the settlement of all claims of the plaintiffs against defendant for all causes arising prior to the date of the instrument, say June 18, 1941. In my opinion, the costs of the suit ought to be equally divided, but under the provisions of Act 229 of 1910, only appellate courts are authorized to divide costs, and for this reason, the costs of the Suit will be assessed against defendant."
Defendant is now prosecuting an appeal from that judgment. In this court defendant contends that the instrument is neither deed nor a donation, and that it should be stricken from the records. The instrument was prepared by defendant, a layman, without the assistance of a lawyer. It is on the printed form of a cash deed, and the only thing which prevents it from being a binding and valid deed is that where the instrument provides for the consideration, instead of writing in the true consideration, as admitted by him on trial of the case, defendant wrote, — "Personal donation". As stated by the lower court in its opinion, all parties to this suit admitted what the true consideration of the settlement of their disputes was, including defendant, and had defendant consulted his attorney before or when preparing this instrument, we are sure this litigation would have been unnecessary. Defendant not only admitted what the true consideration was, but testified that he had actually given possession of the property set forth in the instrument to plaintiffs and they had, since the execution of the instrument, received all revenues from the property with his consent. The deed expressed the agreed settlement between all parties, with the exception of the consideration, which had been erroneously stated to be a donation.
We find no error in the judgment of the lower court and it is affirmed, with costs. *Page 566